IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSSCO HOLDINGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:09-cv-04047 |
| LEXINGTON INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Rossco Holdings, Inc., and files this action against Lexington Insurance Company, and in support thereof would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff, Rossco Holdings Incorporated (hereinafter "Plaintiff" or "Rossco"), is, and at all times mentioned here, was a California corporation, qualified to do business in California.

1.1.    Plaintiff is informed and believes Lexington Insurance Company (hereinafter "Defendant" or "Lexington") is a Delaware Corporation.

## II.
## JURISDICTION AND VENUE

2.      Jurisdiction exists under 28 U.S.C. §2201 *et seq.* and Rule 57 F.R.C.P., for the purposes of determining a question of actual controversy between the parties, and under 28 U.S.C.S. §§1331 and 1332.  Jurisdiction of this Court is based on the diversity of citizenship

between Plaintiff and Defendant, where Plaintiff is a foreign citizen, and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## III.
## FACTS

3.1.   This is a breach of contract suit arising out of an insurance policy and other agreements entered into between Plaintiff and Defendant.

3.2   On or about April 29, 2009, Defendant issued and bound insurance coverage under Policy No. 020412603 (the "Policy") for Plaintiff's property in College Station, Texas.

3.3   The policy provided for coverage from 4/28/2009 through 4/28/2010.  In addition, the policy required a minimum earned premium of 25% of the coverage period.  After the policy began, a dispute arose between the Plaintiff and Defendant as to the coverage.  The dispute was resolved by Lexington agreeing to provide 25% of the coverage period to Plaintiff in exchange for Plaintiff paying 25% of the premium.  Plaintiff complied with this agreement and paid 25% of the premium.

3.4   On or about July 20, 2009, a wind and rain storm (the "Storm") damaged Plaintiff's property in College Station, Texas.  As a result of the Storm, Plaintiff incurred, and is still incurring, significant property damage and loss of business income which Defendant refused and continues to refuse to pay for.

## IV.
## DECLARATORY JUDGMENT

4.1   Rossco incorporates the factual allegations made above incorporates those allegations herein by reference for all purposes, as though more fully set forth in detail.

4.2   Rossco seeks a declaration that there is coverage for the property damage incurred as a result of the Storm.

## V.
## BREACH OF CONTRACT

5.1  Plaintiff would show that Lexington's conduct, and the facts and events as set forth above constitute a breach of contract and the Policy between Plaintiff and Defendant, in the following respects:

   a.  Lexington failed to reasonably investigate and determine the amount of loss in a reasonable time;

   b.  Lexington failed to pay any claim loss in a timely manner when liability and loss had become reasonably clear;

   c.  Lexington has compelled Plaintiff to institute suit to recover under the Policy by failing to perform under the contracts.

5.2  Plaintiff has performed all terms, covenants and conditions under the contracts described above.  In the alternative, Lexington has waived same.

5.3  The breaches and failures of Lexington, as set forth above, are the proximate cause of damages to Plaintiff, in an amount in excess of the minimum jurisdictional limits of the Court, as set forth below.

## VI.
## INSURANCE CODE VIOLATIONS

6.1  Plaintiff would show that the conduct and actions of Lexington as set forth above constitutes unfair claim settlement practices.

6.2  Lexington failed to properly notify Rossco of acceptance or rejection of the claim pursuant to §542.056, INS. CODE.

6.3  Lexington has failed to make prompt payment of the claim pursuant to §542.057, INS. CODE.

6.4  As a result of Lexington's breaches of the Policy and violations of Chapter 542, INS. CODE, Plaintiff is entitled to recovery and awards pursuant to §542.060, INS. CODE.

## VII.
## DAMAGES AND ATTORNEY'S FEES

7.1     As a result of Lexington's breach of contract, as set forth above, Plaintiff is entitled to recover the amount of damages and loss under the Policy, which Plaintiff would show to be in excess of $75,000.00.

7.2     As a result of Lexington's breach of duties and statutory violations, Plaintiff is entitled to recover an award for exemplary or punitive damages, in an amount to be determined by the trier of fact.

7.3     Plaintiff was required to retain the undersigned attorney to file this suit, and is entitled to recover reasonable and necessary attorney's fees for trial and any and all appeals.

## VIII.
## PRAYER

8.1     For the reasons stated, Plaintiff prays that the Defendant be cited to appear herein and that upon final disposition of this cause Plaintiff take:

   a.    A declaration that there is coverage for the July 30, 2009 storm the Underlying Lawsuit;

   b.    All damages including property damage and business income loss;

   c.    Statutory interest and penalties;

   d.    Attorneys fees;

   e.    Costs of Court; and

   f.    All such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _____
    **TIMOTHY M. DORTCH**
    State Bar No. 24044981
    Southern District Bar No. 630903

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:	(214) 712-9500
Facsimile:	(214) 712-9540

**ATTORNEYS FOR PLAINTIFF
ROSSCO HOLDINGS, INC.**