UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSSCO HOLDINGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-09-cv-04047 |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Pending before the Court is the defendant's, Lexington Insurance Company ("Lexington"), motion for summary judgment (Dkt. No. 10). The plaintiff, Rossco Holdings, Inc. ("Rossco"), has filed a response in opposition to Lexington's motion (Dkt. No. 16) and Lexington has filed a reply (Dkt No. 19). After having carefully evaluated the motion, response, reply, the record and the applicable law, the Court determines that Lexington's motion for summary judgment should be DENIED without prejudice to reurging; this case is hereby ABATED until thirty (30) days after Rossco provides Lexington with all documents previously requested in support of its claimed loss **and** submits to an examination under oath as required by the applicable insurance policy.

**II.    FACTUAL BACKGROUND**

The instant case involves a claim for storm damage to real property located at 410 Texas Avenue, College Station, Texas (the "College Station Property") owned by Rossco and insured by Lexington. On or about April 27, 2009, Lexington issued a binder for coverage under insurance policy No. 020412603 (the "policy") for the College Station Property. Under the

terms of the binder, a minimum earned premium of 25% was required to be paid and the coverage period included April 28, 2009 to April 28, 2010.

The events that took place after the effective date of the policy are highly disputed. Lexington, for instance, contends that despite delivery of the binder and repeated requests, Rossco refused to pay the minimum earned premium and instead, on June 12, 2009, and, again on June 17, 2009, requested cancellation of the policy. It asserts that on June 19, 2009, Rossco sent it an executed written cancellation request and as a result, it cancelled the policy. On July 24, 2009, and again on July 28, 2009, it alleges that Rossco's broker sent requests to have the policy reinstated retroactive to April 28, 2009. Lexington maintains that it eventually agreed to reinstate the policy from April 28, 2009 to July 28, 2009 at Rossco's insistence and on or about August 13, 2009, Rossco paid the 25% minimum earned premium.

Rossco, on the other hand, asserts that after the effective date of the policy, a dispute arose between the parties regarding coverage. It contends that the dispute was resolved by Lexington agreeing to provide 25% of the coverage period to it in exchange for its agreement to pay 25% of the premium.

On or about July 20, 2009, a wind and rain storm damaged Rossco's College Station Property. On August 17, 2009, Rossco filed a claim with Lexington notifying it of its loss and seeking damages. Upon receipt of Rossco's claim, Lexington assigned the claim to Vericlaim for adjusting. Vericlaim performed an inspection of Rossco's College Station Property on August 20, 2009 and again on August 25, 2009. As its investigation ensued, Lexington informed Rossco of its concerns regarding coverage and made the following request for information:

> In order to assist us with the investigation, we ask that you provide us copies of all documents, including all emails and correspondence, pertaining to your request that Lexington cancel the policy, and your subsequent request to extend the termination date of the policy to July 28, 2009. We also ask that you provide us

>with a copy of all documents that reflect, relate or pertain to the date of loss, the payment of the premium, and the submission of the notice of loss to Lexington.

(Dkt. No. 10, Ex. N.)

On October 23, 2009, Lexington made a second request for the aforementioned information through Rossco's attorney. On October 29, 2009, Rossco provided Lexington with a Sworn Statement in Proof of Loss dated October 28, 2009, which listed "TBD" for the values of both the property and claimed loss. On November 11, 2009, Lexington sent a letter to Rossco's attorney making yet another request for information in support of Rossco's claimed loss and advising him of its intent to conduct an examination under oath ("EUO") of Rossco's corporate representative. Thereafter, on December 19, 2009, Rossco filed the instant action against Lexington alleging a breach of contract claim as well as violations of the unfair settlement practices and prompt payment provisions of the Texas Insurance Code. Lexington now moves for summary judgment on Rossco's claims.

### III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but

only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

## IV. ANALYSIS AND DISCUSSION

In the case *sub judice*, Rossco alleges that Lexington has committed breach of contract and various violations of the Texas Insurance Code by refusing to render payment on its property damage and loss of business income claims. Lexington now moves for judgment as a matter of law on Rossco's claims, asserting that Rossco's claims must fail because Rossco breached the insurance contract prior to initiating the instant action by failing to comply with the policy's terms. Rossco, in opposition, argues that a summary judgment in this case is not appropriate because it has substantially complied with the terms and conditions precedent contained in the policy; Lexington has waived its right to conduct an EUO; and genuine issues of material fact remain in dispute. Alternatively, Rossco seeks an abatement of this action should this Court determine that Lexington has not waived its right to an EUO or that Rossco has not produced documents in substantial compliance with the policy's terms.

As previously set forth, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, Lexington seeks summary judgment on Rossco's breach of contract claim on the grounds that Rossco has failed to fulfill its obligations under the policy. Particularly, it contends that Rossco, in an effort to obscure Lexington's investigation into its loss, repeatedly refused to comply with conditions precedent to coverage under the policy by refusing to furnish documents to support its claim of coverage and refusing to participate in an EUO. It alleges that because Rossco failed to furnish documents pertinent to its claimed loss and failed to submit to an EUO, it failed to comply with conditions precedent to coverage and is not entitled to benefits under the policy. Consequently, Lexington maintains that absent Rossco's compliance with the aforementioned conditions precedent, it has no duty to provide benefits under the policy and Rossco's claim for breach of contract fails. Likewise, Lexington argues that Rossco's claims for extra-contractual damages under the Texas Insurance Code also fail because Lexington cannot be in violation of the Insurance Code if its duties and obligations have yet to be triggered due to Rossco's non-compliance with the policy's terms and conditions governing coverage.

Indeed, the parties do not appear to dispute that the policy in this case includes a requirement that the insured comply with the policy's terms, including furnishing all documents that Lexington may reasonably require and submitting to an EUO, before filing suit. Specifically, in the event of loss or damage to covered property, the policy provides, in relevant part, as follows:

### SECTION VII – CONDITIONS

. . .

P.  REQUIREMENTS IN CASE OF LOSS:  The Insured shall:

   7. Furnish all other documents or insurance policies that the Company may reasonably require, [and]

. . .

        8. Submit to examination under oath at such times as may be reasonably required about any matter relating to this insurance or any claim;

. . .

V.    SUIT AGAINST COMPANY: No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this Policy, nor unless the same be commenced within twelve (12) months next after the date of loss, provided however, that if under the laws of the jurisdiction in which the property is located such time limitation is invalid, then any such claims shall be void unless such action, suit or proceedings is commenced within the shortest limit of time permitted by the laws of such jurisdiction.

(Dkt. No. 10, Ex. T.)

Given the express language of the policy at issue, the Court agrees that Lexington is well within its right to enforce the conditions precedent to coverage in this case, i.e., requesting the production of certain documents and/or requiring the insured to submit to an EUO, nevertheless, it declines to conclude, at this juncture, that Lexington is entitled to summary judgment on Rossco's claims in this case for two reasons. *See State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.-Beaumont 1989, no writ) (per curiam) (citing *Philadelphia Underwriters' Agency v. Driggers*, 111 Tex. 392, 238 S.W. 633 (1922) ("Insurance policy provisions requiring the insured's submission to examination under oath as a condition precedent to sustaining a suit on the policy are valid."). First, it is well-settled law in Texas that abatement rather than exclusion or barring of a claim is the insurer's appropriate remedy for enforcement of an insured's conditions precedent to coverage. *See Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.–Houston [14 Dist.], 2003) (citing *Lawlis*, 773 S.W.2d at 949 (citing *Humphrey v. Nat'l Fire Ins. Co.*, 231 S.W. 750 (Tex. Com. App. 1921)). Second, without commenting on the strength or credibility of the evidence presented, the Court determines that

the parties have raised genuine issues of material fact concerning whether all necessary and reasonably comprehensive information in support of Rossco's proof of loss has been provided to Lexington in compliance with the policy's terms and whether Lexington has handled, processed and/or investigated Rossco's claim in good faith. The Court further determines that the record is devoid of any evidence suggesting that Lexington has waived its right to conduct an EUO of Rossco's corporate representative in this case in light of Rossco's eleventh-hour agreement to participate in the same.

V.      **CONCLUSION**

Based on the foregoing analysis and discussion, the Court determines that a stay rather than a summary judgment is the appropriate remedy in this case at this time. Thus, Lexington's motion for summary judgment is DENIED without prejudice to reurging; this case shall be held in ABEYANCE until thirty (30) days after Rossco provides Lexington with all documents previously requested in support of its claimed loss **and** submits to an EUO in compliance with the policy's terms. The parties are required to file notice of the same with the Court in order to lift the stay imposed.

It is so **ORDERED**.

SIGNED at Houston, Texas this 11th day of April, 2011.

_____
Kenneth M. Hoyt
United States District Judge